UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRELL CHANDLER, | No. 2:20-cv-0289 AC |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 7.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.	Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.   Complaint

According to the complaint, ECF No. 1, plaintiff suffered injuries when he attempted suicide at CSP-Sacramento by swallowing razor blades. Id. at 10. Plaintiff brings suit against Kathleen Allison, the Director of CDCR; Sara Gates, the "Chief Executive Officer and Head of Mental Health Care" at CDCR; M. Felder, identified as the "Chief Executive Officer of Appeals Review of Appeals;"; and a CSP-Sacramento psych tech identified as Diaz. The complaint also lists as defendants Does 1-8, described only as "medical staff, psych techs, guards, [and] officials" at CSP-Sacramento. ECF No. 1 at 2-3.

The complaint is difficult to follow. The court has gleaned the following core factual allegations. On June 6, 2019, plaintiff was feeling suicidal and told the guards that he needed to be moved to a safety cell. Staff failed to summon a doctor or other licensed mental health professional, or to take plaintiff to the hospital unit for suicide watch. This violated suicide prevention protocols. A couple of hours later, the guards returned with psych tech Diaz. Plaintiff told Diaz that he had swallowed razor blades. Diaz responded negligently. Plaintiff suffered serious internal injuries as the result of swallowing razor blades, and required emergency surgery. ECF No. 1 at 10-12.

### IV.   Governing Eighth Amendment Principles

In order to state a § 1983 claim for violation of the Eighth Amendment based on

3

inadequate medical or psychiatric care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. A prison official acts with deliberate indifference only if he subjectively knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

V.     Failure to State a Claim

The facts stated here are not sufficient to state an Eighth Amendment claim. Although plaintiff's suicidality plainly satisfies the requirement of an objectively serious need, the allegations do not establish a culpable state of mind on behalf of any defendant. The facts do not show that any of the unnamed guards subjectively understood that plaintiff was about to ingest razor blades or otherwise harm himself. By the time that defendant Diaz arrived, plaintiff had apparently already swallowed the razor blades. Although plaintiff suggests that Diaz delayed a medical response, no details are provided; the court cannot tell whether there was a delay that caused plaintiff additional harm. See Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985) (delay in treatment not enough, without additional harm, to support relief). There are also no facts showing that Diaz acted with a deliberately indifferent state of mind toward plaintiff.

The complaint repeatedly refers to defendants "breaching a duty of care" to plaintiff. Breaches of a duty of care suggest a cause of action for negligence, but do not support a claim for

violation of plaintiff's Eighth Amendment rights.  Farmer, 511 U.S. at 835.  If plaintiff intends to present a separate, supplemental state law claim for negligence, he must do so in an amended complaint that clearly identifies negligence as a separate cause of action.  Plaintiff is informed that unless an amended complaint also contains a viable Eighth Amendment claim under § 1983, this court will not consider any state law claims.  See Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991) (when federal claims are dismissed, district courts should generally decline to exercise jurisdiction over remaining state law claims).  To state a claim for negligence under California law, plaintiff must do more than use the words "duty" and "breach."  He must allege facts showing what each defendant did that violated the applicable standard of care, and how that conduct proximately caused his injuries.  See Merrill v. Navegar, Inc., 26 Cal. 4th 465, 477 (2001) (discussing elements of negligence).

Defendants Allison, Gates and Felder are not alleged to have been present at the time of plaintiff's suicide attempt, aware of it, or involved in the response.  Accordingly, they do not appear to be proper defendants.  Section 1983 limits liability to those who cause the deprivation of plaintiff's rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  No official can be liable due solely to rank or position of responsibility, as there is no *respondeat superior* liability under § 1983.  See Iqbal, 556 U.S. at 676.  Supervisors may be liable for their own supervisory acts or omissions which cause a constitutional violation, but not for the acts of those over whom they have authority.  Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

For all these reasons, the complaint before the court does not state a claim upon which relief may be granted.  Plaintiff will be given the opportunity to amend his complaint.

VI.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief.  To state an Eighth Amendment claim against any defendant who failed to get you help before you swallowed the razor blades, you have to provide facts showing that the individual realized you were about to cause serious harm to yourself and did not care.  As to any defendant you encountered after you had swallowed the razor blades, you must provide facts showing that whatever they did or did not do then caused you harm above and beyond the consequences of self-harm.

Negligence and deliberate indifference are not the same thing.  If you are trying to present both claims, you need to write them out separately and organize the facts that go with each claim accordingly.  This court will only consider a negligence claim if you can fix the problems with your Eighth Amendment claim.

////

A § 1983 claim can only be brought against the person(s) who caused a violation of your rights. The heads of CDCR, Mental Health Services, and Inmate Appeals were not personally involved in the response to your suicide attempt on June 6, 2019, so they cannot be liable for what happened. If you think any of these supervisory defendants gave orders or did other things that caused the guards and psych tech to violate your rights, you need to explain that more clearly.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 9, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE